UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAUL LOPEZ,

      Plaintiff,                                   Case No. 1:06-cv-154

  vs.                                             Dlott, J.
                                                    Black, M.J.

H. WESLEY ROBINSON,

      Defendant.

### REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS (Doc. 10) BE GRANTED AND THIS CASE BE CLOSED

Plaintiff initiated this action on March 15, 2006 by filing a *pro se* complaint in the Southern District of Indiana.  The case was transferred to the Southern District of Ohio on March 20, 2006.  (Doc. 1.)  Plaintiff's complaint is filed against Defendant H. Wesley Robinson (only), and, according to Plaintiff, "arises out of a breach of contract between the parties resulting from negligent, fraudulent and deceptive acts and/or omissions of the defendant and unnamed co-conspirators." (Doc. 2.)

Now before the Court is defendant's motion to dismiss and/or for summary judgment. (Doc. 10.)  Also before the Court is plaintiff's motion for summary judgment (doc. 11) and defendant's memorandum *contra* (doc. 12).

**I.**

In February 2004, Plaintiff entered into a contract with National Legal Professional Associates ("NLPA") in which NLPA agreed, in exchange for payment of a fee of $6,300.00,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

plus an up-front payment of $250 for expenses, to conduct and provide research assistance and support to plaintiff's counsel for plaintiff's appeal of his criminal conviction. (Doc. 9, Ex. 1.) Defendant Robinson was an employee of NLPA, but he was not a party to the contract.

Pursuant to the contract, plaintiff and the NLPA agreed that any dispute arising out of the contract or any other claim between plaintiff and NLPA would be resolved by binding arbitration through the Better Business Bureau ("BBB") and under the Federal Arbitration Act, 9 U.S.C. § 1. (*Id*. at ¶ 13.) The contract further provided that if either party terminated the contract, plaintiff would owe NLPA for the hours NLPA had spent researching plaintiff's case, billed at $175 per hour. (*Id*. at ¶ 3 (e)).

In February 2004, Jesus J. Lopez-Juares paid NLPA $2,500 toward the fee and expense total of $6,550. (Doc. 9, Ex. 1.) Thereafter, plaintiff terminated his relationship with NLPA, and, based upon the amount of research NLPA had completed by the time of that termination, NLPA refunded $500 of the $2,500 paid by Lopez.

Plaintiff then brought a complaint against NLPA through the BBB, requesting an additional refund of $1,500. In November 2005, the BBB arbitrator denied plaintiff's claim, finding that NLPA was entitled to the money retained under the express terms of the contract and the amount of work performed by NLPA prior to the termination of the contract. (*See* Doc. 9. Ex. 3.)

## II.

In ruling on a motion to dismiss, the factual allegations in the complaint must be taken as true and construed in a light most favorable to the plaintiff.  *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  Because plaintiff brings this case *pro se*, the Court liberally construes the allegations in his favor.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) (*pro se* pleadings should be construed more liberally than pleadings drafted by lawyers).  "A pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106).  However, the Court "need not accept as true legal conclusions or unwarranted factual inferences."  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Additionally, a court may consider any evidence properly before it when a defendant factually attacks subject matter jurisdiction under Rule 12(b)(1).  However, evidence outside the pleadings may not be used to support motions brought pursuant to Rule 12(b)(6) unless the evidence is referenced in the plaintiff's complaint and is central to a plaintiff's claims. *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993).

Here, plaintiff specifically references the fee agreement provided under the contract in his complaint, and he asserts that the nature of his claim is breach of contract.  Therefore, the undersigned finds that the contract between plaintiff and NLPA is properly considered in

deciding whether to dismiss this action pursuant to Rule 12(b)(1) or Rule 12(b)(6).

### III.

Pursuant to the contract, plaintiff agreed to settle any and all disputes through binding arbitration with the BBB and under the Federal Arbitration Act.  As noted above, this matter was arbitrated through the BBB, and the BBB arbitrator denied Lopez's claim, finding that NLPA was entitled to the money retained under the express terms of the contract and the amount of work performed by NLPA prior to the termination of the contract.  Thus, the Court lacks subject matter jurisdiction over plaintiff's breach of contract claim.  *See Morrison v. Circuit City Stores, Inc*., 70 F.Supp.2d (S.D. Ohio 1999) (Dismissal is proper where claims raised in complaint are subject to binding arbitration).

Furthermore, to survive a 12(b)(6) motion, the complaint must contain the material elements of a breach of contract action.  *Epicentre Strategic Corp. v. Perrysburg Exempted Village School Dist.,* 2005 WL 646079, *2) (N.D.Ohio March 18, 2005).  Under Ohio law, the elements of a breach of contract are: "(1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff."  *Id.* (citing *Res. Title Agency, Inc. v. Morreale Real Estate Servs*., 314 F.Supp.2d 763, 769 (N.D. Ohio 2004) (*citing Samadder v. DMF of Ohio, Inc*., 154 Ohio App.3d 770, 778, 798 N.E.2d 1147, 1147 (Ohio App. 2003)).

Here, plaintiff has failed to allege the existence of a valid contract between plaintiff and defendant Robinson.  (Doc. 2.)  Plaintiff asserts that he "remitted payment in the amount of $2,500.00 to defendant in care of the National Legal Professional Associates."  (*See Id.*).

However, contrary to plaintiff's allegation, the check states: "Pay to the Order of National Legal Professional Associates" and does not reference defendant Robinson. (*See* Doc. 10, Ex. 1)  As noted above, defendant Robinson was not a party to the contract between plaintiff and NLPA, and plaintiff's complaint asserts that he is suing Robinson in his "individual capacity." (Doc. 2, at 2.)

Accordingly, plaintiff has failed to allege that a valid contract existed between himself and defendant Robinson.  *See Samadder,* 154 Ohio App. 3d at 778 ("A contract is only binding upon the parties to a contract and those in privity with them." ).

Thus, liberally construing plaintiff's allegations in his favor, plaintiff's complaint nonetheless fails to state a claim upon which relief can be granted, and the Court lacks subject matter jurisdiction over his claims.[2]

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant's motion to dismiss (doc. 10) be **GRANTED**, and this case be **CLOSED**.


Date: December 20, 2006              s/Timothy S. Black
                                     Timothy S. Black
                                     United States Magistrate Judge

---

[2] Additionally, because the undersigned finds that Plaintiff's complaint fails to state a claim upon which relief can be granted, and the Court lacks subject matter jurisdiction, plaintiff's motion for summary judgment (doc. 11) is not well-taken, and should be denied.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAUL LOPEZ,

       Plaintiff,                                                  Case No. 1:06-cv-154

   vs.                                                      Dlott, J.
                                                          Black, M.J.

H. WESLEY ROBINSON,

       Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).